J-A02002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA ROMER JACKSON | : | |
| | : | |
| Appellant | : | No. 725 WDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-SA-0000016-2020

BEFORE: OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: FEBRUARY 8, 2022**

Appellant, Dana Romer Jackson, appeals from the judgment of sentence entered on May 24, 2021, following his guilty plea to driving while operating privilege is suspended or revoked (second offense).[1] We affirm in part, vacate in part, and remand for further proceedings.

We briefly summarize the facts and procedural history of this case as follows. On May 24, 2021, Appellant pled guilty to driving while operating privilege is suspended or revoked, his second violation. Pursuant to statute, "[a] second violation of this [crime] shall constitute a summary offense and, upon conviction [], a person shall be sentenced to pay a fine of $1,000[.00]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. 1543(b)(1)(ii).

and to undergo imprisonment for not less than 90 days." 75 Pa.C.S.A. § 1543(b)(1)(ii). Accordingly, the trial court sentenced Appellant to 90 days of house arrest and imposed a fine of $1,000.00. This timely appeal resulted.[2]

On appeal, Appellant raises the following issue for our review:

> [Whether Appellant's] sentence, imposed pursuant to the provisions of 75 Pa.C.S.[A.] § 1543(b)(1)(ii), is unlawful, in that the sentencing statute is unconstitutionally vague pursuant to the analogous findings of *Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021)[?]

Appellant's Brief at 2.

In this case, the trial court agrees with Appellant's contention that his sentence is illegal:

> [Appellant] raises a single issue in his appeal, namely, whether the [trial c]ourt erred in sentencing him to 90 days of house arrest pursuant to [S]ection 1543(b)(1)(ii) of the [Motor] Vehicle Code, which [Appellant] argues is unconstitutionally vague and ambiguous pursuant to the recent Pennsylvania Supreme Court decision in *Commonwealth v. Eid*, 249 A.[3]d 1030 (Pa. 2021). [Because the issue] involves illegality of his sentence[, it] cannot be waived. Further, because the pertinent language of [Section] 1543(b)(1)(ii) is identical to that held unconstitutional in *Eid*, the [trial court found] *Eid* to be controlling on the issue. Accordingly, [the trial c]ourt recommends that [this C]ourt vacate the house arrest portion of [Appellant's] sentence, affirm the remainder of the sentence, and remand for any necessary further proceedings.

Trial Court Opinion, 7/22/2021, at 1-2.

---

[2] Appellant filed a notice of appeal on June 23, 2021. On June 28, 2021, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 22, 2021.

This Court has stated:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

*Commonwealth v. Ramos*, 197 A.3d 766, 768–769 (Pa. Super. 2018).

(internal citations, quotations, and ellipses omitted).

A prior panel of this Court recently explained our Supreme Court's holding in *Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021) as follows:

> *Eid* involved a defendant who was found guilty of the summary offense of [driving while operating privilege is suspended or revoked] by a person who refused a breath test and [who, as a result, was later] sentenced to 90 days to six months' imprisonment, pursuant to 75 Pa.C.S.A. § 1543(b)(1.1)(i). *Eid*, 249 A.3d at 1034. Section 1543(b)(1.1)(i) provided that a person convicted under this section "**shall, upon first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000[.00] and to undergo imprisonment for a period of not less than 90 days**." *Id.* § 543(b)(1.1)(i) (emphasis added).
>
> On appeal, our Supreme Court struck down Section 1543(b)(1.1)(i) as "unconstitutionally vague and inoperable," holding that the language "not less than 90 days" did not provide for a maximum term of incarceration. *Eid*, 249 A.3d at 1044. The Court upheld the defendant's [] conviction and the imposition of a $1,000.00 fine but vacated the incarceration portion of his sentence for that offense. *See id.* The *Eid* Court reasoned that it refused to infer a maximum sentence because doing so would have forced it to "engage in sheer speculation as to which sentence the General Assembly intended." *Id.* at 1043 (citation omitted).

*Commonwealth v. White*, 2022 WL 128777 (Pa. Super. January 14, 2022).

Here, the trial court imposed Appellant's sentence pursuant to 75 Pa.C.S.A. § 1543(b)(1)(ii), which provides "a person shall be sentenced to pay a fine of $1,000[.00] and to undergo imprisonment **for not less than 90 days**." 75 Pa.C.S.A. § 1543(b)(1)(ii) (emphasis added). While Eid was sentenced pursuant to Section 1543(b)(1.1)(i), rather than Section 1543(b)(1)(ii), the language of the two subsections of the statute, to-wit, "not less than 90 days," is identical. As such, because Section 1543(b)(1)(ii) does not provide for a maximum term of incarceration, it is unconstitutionally vague and inoperable for the same reasons expressed in *Eid*. Hence, we agree with the trial court's assessment that Appellant's sentence is illegal. Accordingly, consistent with the Supreme Court's resolution in *Eid*, we affirm Appellant's conviction and the imposition of the $1,000.00 fine but vacate the house arrest portion of his sentence and remand for additional proceedings.

Judgment of sentence affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2022

- 4 -