J-S01039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMAIR TYLER JOHNSON | : | |
| | : | |
| Appellant | : | No. 353 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 12, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000024-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED: JULY 27, 2022**

Samair Tyler Johnson (Appellant) appeals from the judgments of sentence imposed following the entry of his guilty plea to driving under the influence of alcohol – highest rate of alcohol, third offense ("DUI"), and driving under the influence while operating privilege is suspended or revoked ("DUS").[1] His counsel has filed an application to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon careful review, we deny counsel's application to withdraw, vacate the judgments of sentence, and remand for resentencing.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(c) and 1543(b)(1.1)(i), respectively.

On October 4, 2019, the police arrested Appellant for driving a motor vehicle while under the influence of alcohol in the area of North Washington Street and North Wilkes-Barre Boulevard in the city of Wilkes-Barre. N.T. 9/14/20, 5. Within two hours of driving at that time, he provided a blood alcohol content test result of .266%. *Id.* His driver's license was also suspended at that time for two prior DUI convictions. *Id.*

On September 14, 2020, Appellant entered a guilty plea to the above-referenced DUI and DUS offenses. In exchange for his plea, the Commonwealth withdrew a charge of driving under the influence – general impairment, third offense.[2] N.T. 9/14/20, 3; Bills of Information, 2/18/20, 1. No agreement was reached with respect to a sentencing recommendation. At Appellant's request, the court ordered a pre-sentence investigation report. N.T. 9/14/20, 6. On November 12, 2020, the court imposed a standard-range term of twelve to twenty-four months of imprisonment for DUI, and a mandatory minimum term of ninety days of imprisonment for DUS.[3] N.T. 11/12/20, 5-6.

---

[2] 75 Pa.C.S. § 3802(a)(1).

[3] Appellant had a prior record score of five. N.T. 11/12/20, 4. Accordingly, the Sentencing Guidelines recommended a minimum DUI sentence of twelve to eighteen months of imprisonment, plus or minus three months for aggravating or mitigating circumstances. 204 Pa. Code § 303.15 (7th ed., amend. 4; offense listing, indicating an offense gravity score of five for DUI – highest rate of alcohol, third offense); 204 Pa. Code § 303.16(a) (7th ed., amend. 4; basic sentencing matrix).

Appellant filed a timely post-sentence motion, requesting a reduction of his sentence and a withdrawal of his plea based on correspondence that he sent to his counsel prior to sentencing but that counsel had not reviewed until the date of the sentencing hearing.[4]  Post-Sentence Motion, 11/18/20, ¶¶ 5, 7-11.  The court denied the motion on February 17, 2021.  Order, 2/17/21, 1. Appellant timely filed this appeal with the assistance of counsel.  Notice of Appeal, 3/17/21, 1.

Appellant timely filed a statement of issues presented on appeal within twenty-one days of the plea court issuing an order pursuant to Pa.R.A.P. 1925(b).  Following the filing of the Rule 1925(b) statement, Appellant's counsel from the Luzerne County Public Defender's Office sought and received leave of court to withdraw from representation, and present counsel was appointed.  The court ordered present counsel to file a Rule 1925(b)

---

[4] Appellant alleged the following in his correspondence to counsel:

> As of today's date, I have not received any discovery paper's [sic], nor have I received, and/or went over what's my gravity score or anything.  You mention [sic] at my last hearing, I have the right/option to withdraw my plea.  I strongly feel relutant [sic] @ this time with going forward without the proper due dilligence [sic].

> Beside's [sic] all that's going on, i.e. pandemic; my personal situation @ home, finances etc[.,] my biggest concern is my daughter.  She is having some issues being away from her peer's [sic] @ school and now this upcoming event with her Dad (me). I have to proceed wisely.  Her well being [sic] is my main concern.

*Pro Se* Correspondence to Counsel, dated on 11/6/20 and stamped as received on 11/10/20, attached to Post-Sentence Motion, 11/18/20.

statement, and later informed this Court by correspondence that present counsel intended to rely on the previously-filed Rule 1925(b) statement. Order, 6/1/20, 1; Correspondence to Superior Court, Lupas, J., 6/28/21, 1.

On appeal, Appellant's counsel has filed an **Anders** brief, addressing the denial of the post-sentence motion seeking reconsideration of Appellant's sentence and the withdrawal of his plea. **Anders** Brief at 6-8. Counsel has also filed a petition to withdraw from representation, asserting that, "upon review of the record, counsel concludes that this appeal is wholly frivolous and that no meritorious issues exist." Petition to Withdraw as Counsel, 10/4/21, ¶ 3. In the petition, and in a cover letter reflecting service of the brief and the petition to Appellant, counsel informed Appellant of his rights to proceed *pro se* or with newly-retained counsel and to file his own brief for this appeal. *Id.* at ¶ 4; Correspondence to Appellant, 10/4/21, attached to Petition to Withdraw as Counsel, 10/4/21. Our review of the docket for this appeal does not reveal any subsequent response filed by Appellant.

Prior to addressing any issues raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional

arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in ***Santiago*** stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

> Counsel must also provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Redmond***, --- A.3d ----, 2022 WL 1179752, *3 (Pa. Super., filed Apr. 21, 2022) (citation and quotation marks omitted). "Substantial compliance with the ***Anders*** requirements is sufficient." ***Redmond***, --- A.3d ----, 2022 WL 1179752, at *3 (citation omitted).

Here, we conclude that counsel substantially complied with the requirements for withdrawal under ***Anders***. Counsel filed an ***Anders*** brief and a petition to withdraw. The brief includes the essential components required by ***Santiago*** and the withdrawal petition and its accompanying cover letter adheres to the requirements in ***Cartrette***. Counsel concludes that the

proposed issues concerning the denial of the post-sentence motion would not raise any non-frivolous claims because Appellant received a standard-range sentence for DUI and the record fails to support any claim that Appellant entered an involuntary plea. *Anders* Brief, 6-8. Accordingly, counsel asserts that the Appellant could not demonstrate a substantial question permitting appellate review of a discretionary sentencing claim and cannot demonstrate an abuse of discretion with respect to either of the proposed claims. *Id.* The lower court evaluates the proposed claims in its opinion and reaches the same conclusions. Trial Court Opinion, 7/20/21, 4-7. We adopt the well-reasoned analysis of the trial court as our own concerning the lack of merit concerning the claims addressed by the *Anders* brief.

Despite counsel's substantial adherence to the requirements for withdrawal, we are unable to affirm the judgments of sentence or grant counsel's withdrawal petition because a non-waivable claim of arguable merit is apparent from our review of the record. *Anders* requires this Court, following a determination on counsel's satisfaction of the withdrawal requirements, to proceed with "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*), *citing Anders*, 386 U.S. at 744. "[T]he *Anders* procedure applies only to appeals that are **wholly** frivolous—that is, cases where counsel has determined that there are no arguments that counsel may advance because **all** issues lack basis in law

and/or fact." **Commonwealth v. Morrison**, 173 A.3d 286, 291 (Pa. Super. 2017) (citation omitted; emphasis in original).

Because Appellant entered a guilty plea which was not contingent upon the imposition of a particular sentence, his claims on direct review were limited to challenges to the trial court's jurisdiction, the validity of the guilty plea, the discretionary aspects of the sentence, and the legality of the sentence. **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 n.5 (Pa. Super. 2019) ("Because Appellant entered an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary aspects of his sentence."); **Morrison**, 173 A.2d at 290 ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.") (citation omitted). "Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*); **see also Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction.").

This Court has stated:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Ramos***, 197 A.3d 766, 768-69 (Pa. Super. 2018) (internal citations, quotations, and ellipses omitted).

Appellant was convicted of DUS under 75 Pa.C.S. § 1543(b)(1.1)(i). Bills of Information, 2/18/20; Order, 9/14/20, 1 (acknowledging the court's acceptance of Appellant's plea including the charge under "1543B1.11"). Section 1543(b)(1.1)(i) provided that a person convicted under that section "shall, upon first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of **not less than 90 days**." ***Id.*** § 1543(b)(1.1)(i) (emphasis added).

Following the entry of Appellant's plea and the imposition of his sentence, and before the filing of counsel's ***Anders*** brief, our Supreme Court struck down Section 1543(b)(1.1)(i) as "unconstitutionally vague and inoperable," holding that the language "not less than 90 days" did not provide for a maximum term of incarceration. ***Commonwealth v. Eid***, 249 A.3d 1030, 1044 (Pa. 2021). The Court upheld the defendant's DUS conviction and the imposition of a $1,000.00 fine but vacated the incarceration portion of his sentence for that offense. ***Id.*** The ***Eid*** Court reasoned that it refused to infer a maximum sentence because doing so would have forced it to "engage in sheer speculation as to which sentence the General Assembly intended." ***Id.*** at 1043.

A claim challenging whether a sentencing statute is unconstitutionally vague is an illegal sentence claim. ***See Commonwealth v. Moore***, 247 A.3d

990, 991 (Pa. 2021). Because Appellant could not waive a legality of sentence claim, and this Court is properly vested with jurisdiction due to the timely filing of Appellant's notice of appeal, we must *sua sponte* hold that Appellant's ninety-day DUS sentence has been rendered illegal by *Eid* and vacate that judgment of sentence. *See Commonwealth v. Jackson*, 271 A.3d 1286, 1288 (Pa. Super. 2022) (vacating a ninety-day imprisonment sentence for a driving while operating privilege suspended or revoked conviction under 75 Pa.C.S. § 1543(b)(1)(ii) because that subsection used the identical "not less than 90 days" language that was found in 75 Pa.C.S. § 1543(b)(1.1)(i) and addressed in *Eid*); *see also Moore*, 247 A.3d at 997 ("A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute.") (citation omitted).

If we were able to vacate the DUS imprisonment term without disturbing the overall sentencing scheme, then we would not need to remand for further proceedings. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (explaining that "if our decision does not alter the overall scheme," we need not fully vacate a sentence). In this instance, however, we are unable to make a determination as to a disturbance with the overall sentencing scheme because the record is silent as to whether the DUI and DUS sentences were designated to run concurrently or consecutively, contrary to Pa.R.Crim.P. 705(B) ("When more than one sentence is imposed at the same time on a defendant … the judge shall state whether the sentences shall run concurrently or consecutive."). N.T. 11/12/20, 6 (imposition of terms of

sentence); Order, 11/12/20, 1 (sentencing order). Out of an abundance of caution, we vacate both judgments of sentence and remand for resentencing. *See Commonwealth v. Vanderlin*, 580 A.2d 820, 831 (Pa. Super. 1990) (referring a to prior holding that "if a trial court errs in its sentence for one count in a multi-count case, then all sentences for all counts will be vacated so that the court can re-structure its entire sentencing scheme") (citation omitted).

Application to withdraw as counsel denied. Judgments of sentence for DUI and DUS vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2022