J-S16019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES DAVID BARBER | : | |
| | : | |
| Appellant | : | No. 1541 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 19, 2021,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0005488-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: AUGUST 23, 2022**

James David Barber appeals from the judgment of sentence imposed after the trial court found him guilty of failing to stop at the scene of an accident involving damage to an attended vehicle and driving with a suspended license.[1]  Upon review, we affirm.

This matter arises from the following facts, which are fully detailed in the trial court's Rule 1925(a) opinion.  On August 25, 2018, Ashley Nimmons and her two daughters went to a local pizzeria in Harrisburg, Pennsylvania, and parked her car in front of the shop.  While she waited in her car, Nimmons saw a charcoal gray or navy blue truck approach from behind and park in front

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3743(a) and 1543(a).

of her car. Three light-skinned African-Americans got out of the truck and moved some items into the building next to the pizza shop. The driver of the truck was around 40; the other two were much younger.

Shortly thereafter, Nimmons went into the shop to get her order; her daughters stayed in the car. Inside, she saw the man who had been driving the truck. The man left the restaurant with his food. While waiting for her food, Nimmons heard a "big boom." When she turned around, she saw that the truck had hit the front of her vehicle. As she started to go outside, the truck quickly pulled away. Nimmons did not get the license plate number or see who was driving the truck as it pulled away.

Upon investigation, the police learned that Barber had been helping his son move into his mother's residence, located above the pizza shop, on the day of the accident. Nimmons' description of the person driving the truck matched a picture of Barber.

When the police interviewed Barber, he admitted he owned a gray pickup truck but claimed that he let his son use it to move on the day of the accident. His son then brought the truck back to him. In response, the officer asked Barber who took his son back to his mother's. Barber changed his story and admitted that he was in the truck the night of the accident but that his son was driving; when they were done moving, they both took the truck back to Barber's. The officer again asked Barber who took his son back to his mother's place above the pizza shop. Barber, again, changed his story and admitted that he drove the truck back to his residence after they were done

moving. The officer reminded Barber that his license was suspended, which Barber acknowledged but then became animated and combative towards the officer. Barber told the officer he did not want to talk to him anymore and hung up the phone. Barber was charged with failing to stop at the scene of an accident involving damage to attended vehicle and driving while his license was suspended.

Following a bench trial, the court found him guilty of both offenses. The court sentenced him to 9 months of probation for the accident offense and 30 days of house arrest with electronic monitoring for the suspension offense, to run concurrently.

Barber filed this timely appeal. Barber and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Barber raises the following single issue on appeal:

I. Was the evidence presented at trial insufficient to establish beyond a reasonable doubt that [Barber] was the person operating the vehicle on the night of August 25, 2018, and therefore insufficient to establish [Barber] violated 75 Pa.C.S.A. § 3743(a) and § 1543(a) of the [] Vehicle Code?

Barber's Brief at 6.

Barber challenges the sufficiency of the evidence to convict him of failing to stop at the scene of an accident involving an attended vehicle and driving while his license was suspended. Specifically, Barber claims that the Commonwealth failed to establish that he was the one driving the truck that hit Nimmons' vehicle. Barber's Brief at 13.

In reviewing a sufficiency of the evidence claim, this Court:

must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

The offense of failing to stop at the scene of an accident involving damage to an attended vehicle provides, in relevant part:

(a) General rule.—The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S.A. § 3743(a).

The offense of driving with a suspended license provides:

(a) Offense defined. --Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation, or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense . . . .

- 4 -

75 Pa.C.S.A. § 1543(a).[2]

Here, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that Barber failed to stop at the scene of the accident. As the trial court aptly explained:

it is undisputed that there was an accident which involved damage to [] Nimmons' vehicle, and it was undisputed that the individual who caused the accident drove away from the scene without stopping and remaining at the scene of the accident as required by law. Moreover, there was plenty of circumstantial evidence to establish that [Barber's] truck was the vehicle that caused the accident, and that [Barber] was driving the truck at the time the accident occurred.

Although Nimmons was not completely sure of the color of the truck that struck her vehicle, she recalled that it was either navy blue or gray. Tammi Rudy confirmed that at the time and location where the accident was alleged to have occurred, [Barber] was helping to move his son into her home and was using his gray pick-up truck to do so. This testimony placed [Barbers'] truck in the location of the accident at the time that it was alleged to have occurred.

As for who was driving the truck, Nimmons' testimony suggested that it was [Barber] driving the truck rather than either of his sons. Nimmons acknowledged that there were two younger individuals

---

[2] We note that section 1543 provides various sentences for the violation of this offense depending on the number of violations. We further observe that the sentencing provisions of sections 1543(b)(1.1)(i) and (b)(1)(ii) have been held to be unconstitutional as they only provide a minimum, and not also a maximum, term of incarceration. *See Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021); *Commonwealth v. Jackson*, 271 A.3d 1286 (Pa. Super. 2022). Here, however, because Barber had six prior violations, the court sentenced Barber to the mandatory minimum, *i.e.*, "a fine of not less than $1,000 and . . . imprisonment for not less than 30 days but not more than six months," pursuant to 75 Pa.C.S.A. § 6503(a.1). Because the sentence under this statute provides a minimum and maximum term, it is not illegal.

helping to move items out of the truck, but she did identify the older individual as the driver of the vehicle, rather than either of the younger individuals. Moreover, while [Barber] initially claimed to police that his son was the only driver of the truck on the night in question, [Barber] changed his story multiple times, and, ultimately, he admitted that while his son drove the truck to Mama's Pizza, it was [he, Barber,] that drove the vehicle away from the scene after he helped his son with the moving. Therefore, [Barber's] own statement to police placed him in the driver's seat of his truck at the time that the accident was alleged to have occurred, since Nimmons' testimony established that the accident occurred as the vehicle was driving away from the vicinity of Mama's Pizza.

Trial Court Opinion, 1/19/22, at 6-7.

The evidence also was sufficient to prove beyond a reasonable doubt that Barber drove the night of the accident while his license was suspended. As discussed above, the evidence demonstrated that Barber was driving the night of the accident. Barber admitted to the police that his license was suspended at the time of the accident, which was confirmed at trial when the Commonwealth presented a certified copy of his driving record.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022