J-S29007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                 :
:
:
THOMAS R. STRAYER JR.          :
:
Appellant        :   No. 306 WDA 2022

Appeal from the Judgment of Sentence Entered February 11, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-SA-0000295-2021

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.                 :
:
:
THOMAS R. STRAYER           :
:
Appellant        :   No. 310 WDA 2022

Appeal from the Judgment of Sentence Entered February 11, 2022
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-SA-0000294-2021

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:        **FILED: October 14, 2022**

Thomas R. Strayer appeals from the judgment of sentence entered on February 11, 2022, following the entry of his guilty plea to two counts of driving while operating privilege is suspended or revoked ("DWS"), his second offense. We affirm in part, vacate in part, and remand for further proceedings.

---

[*] Retired Senior Judge assigned to the Superior Court.

On August 25, 2021, Strayer pled guilty at the magisterial district court to DWS pursuant to 75 Pa.C.S.A. § 1543(b)(1)(ii). The court sentenced Strayer to ninety days' incarceration, as well as a $1,000 fine, plus costs. Strayer filed a notice of appeal from the summary conviction. After Strayer failed to appear for a hearing, the trial court dismissed the summary appeal and affirmed the sentence of the magisterial district court. This timely appeal followed.

On appeal, Strayer raises the following issue for our review:

> Whether [Strayer]'s sentence of ninety (90) days incarceration imposed pursuant to the provisions of 75 Pa.C.S.A. § 1543(b)(1)(ii) is unlawful, in that the sentencing statute is unconstitutionally vague and ambiguous based on the findings in [**Commonwealth v. Jackson**.]

Appellant's Brief at 7.

Section 1543 provides various sentences for the violation of the offense of driving while operating privilege is suspended depending on the number of violations. In **Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021), our Supreme Court held that section 1543(b)(1.1)(i) is unconstitutionally vague as currently drafted because it fails to specify a maximum term of imprisonment and, therefore, only permits a court to lawfully impose a mandatory fine of $1,000. **See Eid**, 249 A.3d at 1044.[1]

_____

[1] Section 1543(b)(1.1)(i) provides that a person convicted under this section "shall, upon first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000[.00] and to undergo imprisonment for a
*(Footnote Continued Next Page)*

Subsequently, our Court held Section 1543(b)(1)(ii), which sets forth the sentence for a second violation of the statute, is also unconstitutional as written, because that subsection used language identical to the language in section 1543(b)(1.1)(i) and addressed in *Eid*. *See Commonwealth v. Jackson*, 271 A.3d 1286 (Pa. Super. 2022).

Here, Strayer pled guilty to DWS under 75 Pa.C.S.A. § 1543(b)(1)(ii), and the trial court sentenced him to pay a fine of $1,000 and serve ninety days of imprisonment.[2] Based on our holding in *Jackson*, and consistent with our Supreme Court's reasoning in *Eid*, we must vacate the sentence of imprisonment for DWS.

Accordingly, we affirm Strayer's conviction and the imposition of the $1,000 fine, but vacate the imprisonment portion of his sentence and remand for any further proceedings the trial court deems necessary.

Judgment of sentence affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

_____

period of not less than 90 days." Similarly, section 1543(b)(1)(ii) provides for "imprisonment for not less than 90 days."

[2] The trial court acknowledges that *Jackson* is controlling and requests a remand for resentencing. The Commonwealth noted its agreement with the trial court's reasoning in a letter it filed in lieu of a brief on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/14/2022