J-S41005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTIN DARTOE | : | |
| | : | |
| Appellant | : | No. 622 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 18, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001917-2020

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED: JANUARY 27, 2023**

Martin Dartoe appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his convictions of driving under the influence (DUI),[1] driving with a suspended license,[2] and driving without required light.[3] After careful review, we vacate the judgment of sentence and remand for further proceedings.

On January 9, 2020, shortly after 10:00 p.m., Officer Stephan Wengen, a police officer for the City of Wilkes-Barre, was on patrol with Officer Shawn Yelland. While patrolling Grove Street, they observed a Saturn idling on the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] *Id.* at § 1543(b)(1)(i).

[3] *Id.* at § 4302.

side of the roadway, with its headlights on. As the officers drove past the vehicle, they were able to identify Dartoe as the driver. Both officers were familiar with Dartoe and knew that Dartoe's license was suspended. The officers verified with PennDOT that Dartoe's license was suspended.

Dartoe turned off the Saturn's headlights and began to enter the roadway on Grove Street heading towards Stanton Street. The officers initiated a traffic stop due to Dartoe's suspended license and his failure to use headlights at night. As Officer Wengen approached the vehicle, he smelled a strong odor of alcohol and observed that Dartoe had bloodshot and glassy eyes. It took Dartoe several minutes to procure his identification and information. During this time, Officer Wenger observed that Dartoe was fumbling with his wallet, dropped it at least once, and appeared to have a difficult time retrieving his identification from his wallet.

The officers asked Dartoe to exit the vehicle and conducted field sobriety tests, which Dartoe failed. Dartoe was taken to the DUI center to perform a breathalyzer. At the center, Sergeant Joseph Ziegler read Dartoe the DL-26A form and, per the form, advised Dartoe that silence was considered a refusal to consent to the breathalyzer test. After reading the form, Dartoe indicated that he would take the test, but did not breathe into the machine. The machine registered this as a "failure." Sergeant Ziegler read Dartoe the form again and asked Dartoe if he would like to try again. Dartoe did not breathe into the machine and did not acknowledge Sergeant Ziegler.

On June 21, 2021, Dartoe proceeded to a jury trial, after which he was convicted of the above-mentioned offenses. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. On March 18, 2022, for his DUI conviction, the trial court sentenced Dartoe, to a period of twelve months of house arrest, sixty months of IPP, and a $2,500.00 fine. At his conviction for subsection 1543(b)(1)(i), driving with a suspended license, the trial court sentenced Dartoe to a period of 90 days house arrest, consecutive to his DUI sentence, and a $1,000.00 fine. For his conviction of driving without required light, the trial court sentenced Dartoe to pay a $25.00 fine. Dartoe was also ordered to undergo a drug and alcohol evaluation and follow any recommendations, and to complete alcohol highway safety school.

On March 23, 2022, Dartoe filed a post-sentence motion challenging the constitutionality of subsection 1543(b)(1)(i). On March 29, 2022, the trial court denied Dartoe's post-sentence motion. Dartoe filed a timely notice of appeal to this Court and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Dartoe now raises the following claim for our review: "Did the trial court impose an illegal sentence of 90 days of house arrest no matter whether the sentence was imposed under 75 Pa.C.S.A. § 1543(b)(1)(ii) or [§] 1543(b)(1.1)(i) because the sentencing statute is unconstitutionally vague?" Brief for Appellant, at 2.

Dartoe raises two sub-claims, which we address together. First, Dartoe argues that he "appears to have been sentenced under § 1543(b)(1.1)(i)." *Id.* at 9. Dartoe further asserts that he "may also have been sentenced under subsection (b)(1)(ii)." *Id.* Dartoe argues that a sentence of 90 days' house arrest and a mandatory minimum fine of $1,000.00 is an illegal sentence under either of those subsections. *Id.* In essence, Dartoe's first argument is based upon the premise that the trial court mistakenly sentenced him under a subsection for which he was not convicted. *Id.* at 6-12. Additionally, Dartoe argues that, even if the trial court did not sentence him under either subsection 1543(b)(1.1)(1) or (b)(1)(ii), his sentence is nevertheless illegal because it does not match the sentencing scheme under any subsection. *Id.* at 11-12. In his second sub-claim, Dartoe claims that his sentence is unconstitutional because subsections 1543(b)(1.1)(1) and (b)(1)(ii) have both been deemed unconstitutional. *See id.* (citing *Commonwealth v. Eid*, 249 A.3d 1030, 1044 (Pa. 2021); *Commonwealth v. Jackson*, 271 A.3d 1286 (Pa. Super. 2022)).

We note that Dartoe's claims were not preserved in his Rule 1925(b) concise statement. However, Dartoe's claims challenge the legality of his sentence, and, thus, cannot be waived. *See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007).

We adhere to the following standard of review:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary.

If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Ramos***, 197 A.3d 766, 768-69 (Pa. Super. 2018)

(internal citations, quotations, and ellipses omitted).

The Motor Vehicle Code provides, in relevant part:

(a) Offense defined.--Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

(b) Certain offenses.--

(1) The following shall apply:

(i) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to [DUI]) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. §§ 1543(a)-(b)(1)(i).

First, we conclude that the trial court did not "mistakenly" sentence Dartoe under either subsection 1543(b)(1.1)(i) or (b)(1)(ii). Rather, the record clearly reflects that Dartoe was convicted and sentenced under

- 5 -

subsection 1543(b)(1)(i). **See** Criminal Information, 10/5/20, at 1; Sentencing Order, 3/18/22, at 1. However, it is equally clear that the trial court imposed an illegal sentence under subsection 1543(b)(1)(i) where that statutory subsection prescribes a $500.00 fine, not a $1,000.00 fine. **See** 75 Pa.C.S.A. § 1543(b)(1)(i). Moreover, the Commonwealth has conceded that the trial court imposed an illegal sentence at Dartoe's conviction under subsection 1543(b)(1)(i). **See** Brief for Appellee, at 8-13.

Regarding Dartoe's second sub-claim, we observe that **Eid**, **supra**, and **Jackson**, **supra**, have no impact on the instant case, because Dartoe was charged and convicted under subsection 1543(b)(1)(i). As the Commonwealth notes in its brief, this Court has previously declined to extend **Eid** and **Jackson** to subsection 1543(b)(1)(i).[4] **See Commonwealth v. White**, 268 A.3d 499, 502 (Pa. Super. 2022).

We conclude that Dartoe's sentence is not unconstitutional based upon the rationale in **Eid** and **Jackson**. Rather, Dartoe's sentence is illegal because his sentence violates the mandatory maximum sentence outlined in subsection 1543(b)(1)(i).

---

[4] Our Supreme Court in **Eid** held that subsection 1543(b)(1.1)(i) was unconstitutional as unconstitutionally vague and inoperable. **See Eid**, 249 A.3d 1030, 1044. Under similar rationale, this Court, in **Jackson** held that subsection 1543(b)(1)(ii) was unconstitutionally vague and inoperable. **See Jackson**, 271 A.3d 1286, 1288.

Accordingly, we vacate Dartoe's judgment of sentence, and remand for the trial court to sentence Dartoe under the parameters set forth under subsection 1543(b)(1)(i).

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2023