J-S19007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIE ABNER VELAZQUEZ | : | |
| | : | |
| Appellant | : | No. 1476 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 12, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001560-2019

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 11, 2023**

Appellant, Willie Abner Velazquez, appeals from the judgment of sentence of 2 to 4 years' incarceration, imposed after a jury convicted him of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(1) (general impairment), and driving while operating privileges are suspended/revoked, 75 Pa.C.S. § 1543(b)(1.1)(iii) (third or subsequent violation). The trial court also convicted Appellant of careless driving, 75 Pa.C.S. § 3714(a). On appeal, Appellant contends that his sentence is illegal. After careful review, we affirm.

We need not summarize the facts underlying Appellant's convictions, aside from noting that the evidence presented at his trial on August 30, 2022, established that Appellant drove his car while intoxicated on January 9, 2019. At that time, Appellant's driver's license had been revoked due to previous offenses.

On October 12, 2022, Appellant was sentenced for his section 1543(b)(1.1)(iii) offense to the mandatory term of 2 to 4 years' incarceration. No further penalty was imposed at his remaining counts. Appellant filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed its Rule 1925(a) opinion. Herein, Appellant states one issue for our review: "Did the trial court illegally sentence … [A]ppellant under the recidivist section of the Vehicle Code as a third violation?" Appellant's Brief at 4.

Initially, this Court has stated:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Ramos***, 197 A.3d 766, 768–69 (Pa. Super. 2018). (internal citations, quotations, and ellipses omitted).

Presently, Appellant begins his argument by claiming that section 1543(b)(1.1)(iii), "as to the imprisonment, is unconstitutional." Appellant's Brief at 9. However, Appellant does not develop any clear argument to support this claim.[1]

---

[1] We recognize that certain subparts of section 1543(b) have been struck down as unconstitutionally vague because they fail to set forth a maximum term of incarceration. ***See, e.g.***, ***Commonwealth v. Eid***, 249 A.3d 1030 (Pa. 2021)
*(Footnote Continued Next Page)*

Instead, Appellant develops a cursory (and rather confusing) argument that his present violation of section 1543(b) was only his second, not his third,

---

(finding section 1543(b)(1.1)(i) unconstitutionally vague because it fails to specify a maximum term of imprisonment); **Commonwealth v. Jackson**, 271 A.3d 1286, 1288 (Pa. Super. 2022) (holding that section 1543(b)(1)(ii) is unconstitutionally vague for the same reasons as set forth in **Eid**, as it requires a sentence of "not less than 90 days" and "does not provide for a maximum term of incarceration"). However, in **Commonwealth v. Rollins**, 292 A.3d 873 (Pa. 2023) (**Rollins II**), our Supreme Court affirmed this Court's decision that section 1543(b)(1)(iii) is not unconstitutionally vague because, while the statute at issue in **Eid** was graded as a summary offense, section 1543(b)(1)(iii) is graded as a misdemeanor of the third degree. **See id.** at 877 (discussing our decision in **Commonwealth v. Rollins**, 161 EDA 2021, unpublished memorandum at *2 (Pa. Super. filed Dec. 21, 2021) (**Rollins I**)).

> [We] found this difference in grading significant because the Vehicle Code explicitly states: "Title 18 (relating to crimes and offenses), insofar as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title." [**Rollins I**, 161 EDA 2021, unpublished memorandum at *2]. Because no such provision exists for misdemeanors, [this] Court applied the sentencing provisions set forth in the Crimes Code to infer a maximum penalty of one year imprisonment. **Id.** (citing 18 Pa.C.S. § 106(b)(8) ("A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year.")). … [We] therefore concluded [that s]ection 1543(b)(1)(iii) is not unconstitutionally vague. **Id.**

**Rollins II**, 292 A.3d at 877. Here, as in **Rollins**, section 1543(b)(1.1)(iii) is also graded as a misdemeanor (of the first degree). Thus, applying the sentencing provisions set forth in the Crimes Code, we can infer a maximum sentence of five years. **See** 18 Pa.C.S. § 106(b)(6) ("A crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years."). Therefore, without any developed argument by Appellant, we discern no reason, on the face of section 1543(b)(1.1)(iii), to deem it unconstitutionally vague.

and, thus, he should have been sentenced under section 1543(b)(1.1)(ii) rather than subpart (iii). From what we can discern, Appellant's argument hinges on the timeline of his prior section 1543(b) offenses. Specifically, Appellant was convicted of his first section 1543(b) offense in 2006. He committed a second violation of section 1543(b) on January 9, 2019 (which underlies the present case), and a third violation on August 19, 2019.

What confuses the matter is that Appellant proceeded to trial and was convicted of the latter, August 2019 violation **before** he was tried and convicted of the earlier, January 2019 violation. Namely, for the August 2019 violation, Appellant was tried and convicted on July 20, 2022; for the January 2019 violation, he was tried and convicted on August 31, 2022. Thus, although Appellant's instant, section 1543(b) **conviction** was his third, the January 2019 **violation** underlying his present conviction was only his second in time. Consequently, Appellant avers that his present offense should have been graded and sentenced under section 1543(b)(1.1)(ii) instead of (iii).

We are unconvinced. Initially, section 1543(b)(1.1) states, in its entirety:

> (1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of

- 4 -

acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, **upon a first conviction**, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(ii) A second violation of this paragraph shall constitute a misdemeanor of the third degree, and **upon conviction thereof** the person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

(iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the first degree, and **upon conviction thereof** the person shall be sentenced to pay a fine of $5,000 and to undergo imprisonment for not less than two years.

75 Pa.C.S. § 1543(b)(1.1)(i)-(iii) (footnoted omitted; emphasis added).

Here, Appellant's focus on the word "violation" ignores the above-emphasized language, "upon conviction thereof," in each subpart of section 1543(b)(1.1). Considering all the statutory language together, it is clear that section 1543(b)(1.1)(i), governing initial violations, requires a "first conviction" for one to be sentenced to 90 days' imprisonment. 75 Pa.C.S. § 1543(b)(1.1)(i). Hence, one cannot have a first violation under section 1543(b) without being **convicted** pursuant to that paragraph. Similarly, a person must be **convicted** of a second violation to be subject to the increased grading of a third-degree misdemeanor under section 1543(b)(1.1)(ii). Likewise, a person must be **convicted** of a third violation to be subject to the grading of a first-degree misdemeanor under section 1543(b)(1.1)(iii). In other words, the phrase "violation of this paragraph" ultimately requires the

person to be **convicted** of section 1543(b)(1.1) **twice** before triggering section 1543(b)(1.1)(iii). Because here, Appellant had two, previous convictions for violating section 1543(b)(1.1) when he was convicted and sentenced in the present case, section 1543(b)(1.1)(iii) applied and his sentence is not illegal.[2]

Judgment of sentence affirmed.

Judge McLaughlin joins this memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2023

_____

[2] We recognize that Appellant's claim could be read as suggesting due process issues concerning whether he received adequate notice of the conduct prohibited by section 1543(b)(1.1), as well as the concomitant penalties. **See Commonwealth v. Barud**, 681 A.2d 162, 165 (Pa. 1996) ("As generally stated, the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Due process requirements are satisfied if the statute provides reasonable standards by which a person may gauge their future conduct.") (citations omitted). However, Appellant does not develop any due process argument; indeed, he specifically limits his cursory constitutional claim "to the imprisonment" portion of the statute, and frames his argument as a challenge to the legality of his sentence. Appellant's Brief at 9. Thus, we do not address any due process issues.