**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WILLIAM DOLPH | : | |
| | : | |
| Appellant | : | No. 457 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 9, 2025
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000287-2024

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                **FILED JULY 14, 2025**

Robert William Dolph (Appellant) appeals from the judgment of sentence imposed following his guilty plea to the summary offense of driving while operating privilege is suspended or revoked — second offense.[1]  Also, Appellant's counsel, John J. Martin, II, Esquire (Counsel), has filed a petition to withdraw from representation and accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  After careful review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The facts underlying Appellant's conviction are irrelevant to this appeal. On November 7, 2024, Appellant pled guilty to the aforementioned offense.

_____

[1] 75 Pa.C.S.A. § 1543(b)(1)(ii).

The trial court accepted Appellant's plea and ordered the preparation of a pre-sentence investigation (PSI) report.[2]  On January 9, 2025, the trial court sentenced Appellant to serve 90 days' incarceration in the Wayne County Correctional Facility (WCCF), and imposed a $1,000 fine.[3]

On January 17, 2025, Appellant, through Counsel, filed a post-sentence motion (PSM), challenging the discretionary aspects of sentencing.  Appellant claimed that "[d]uring the sentencing hearing,[4] [the trial c]ourt failed to consider certain mitigating factors[,]" and "the sentence is unduly harsh and excessive[.]"  PSM, 1/17/25, ¶¶ 5, 6 (footnote added).  Appellant stated that he "wishes to serve the mandatory 90[-]day sentence through County Intermediate Punishment."  *Id.* ¶ 7.  The trial court denied Appellant's PSM on January 21, 2025.

_____

[2] The PSI report is not included in the certified record.

[3] In addition to a mandatory $1,000 fine, 75 Pa.C.S.A. § 1543(b)(1)(ii) mandates a sentence of "imprisonment for not less than 90 days" for second offenses of driving while operating privilege is suspended or revoked.  *Id.* However, as we discuss further below, this Court has held that because Section 1543(b)(1)(ii) "does not provide for a maximum term of incarceration," it is therefore "unconstitutionally vague and inoperable[.]" *Commonwealth v. Jackson*, 271 A.3d 1286, 1288 (Pa. Super. 2022) (citation omitted).

Instantly, Appellant's sentencing order did not impose a minimum and maximum term of incarceration.  *See* Sentencing Order, 1/9/25.  Rather, it imposed a term of 90 days' incarceration in the WCCF, and also noted Appellant's eligibility for re-entry and work release.  *Id.*

[4] The certified record does not contain a transcript of the sentencing hearing or Appellant's guilty plea hearing.

On January 24, 2025, Appellant filed an amended PSM due to the fact that his original PSM contained a typographical error.[5] **See** Amended PSM, 1/24/25, ¶ 10 (stating the original PSM "contained a mistaken name"). Four days later, the trial court denied the amended PSM. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Importantly, on April 9, 2025, the Wayne County Adult Probation and Parole Department filed in the trial court a "Release From Incarceration," directed to the Warden of the WCCF, which stated that "[Appellant] will reach his[] maximum date of sentence … on April 9, 2025." Release From Incarceration, 4/9/25.

On May 5, 2025, Counsel filed in this Court a petition to withdraw from representation and a separate **Anders** brief. Appellant did not retain separate counsel, file a *pro se* brief, or otherwise respond to Counsel's petition to withdraw.

We initially address Counsel's petition to withdraw prior to reaching the substantive issue raised in the **Anders** brief. **See Commonwealth v. Strasser**, 134 A.3d 1062, 1065 (Pa. Super. 2016) ("[W]e do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw"). Counsel seeking to withdraw pursuant to **Anders** must satisfy

---

[5] Aside from correcting the error in the original PSM, the amended PSM was essentially identical.

certain procedural and substantive requirements. ***Commonwealth v. Tejada***, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the ***Anders*** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

***Commonwealth v. Gabra***, ____ A.3d ____, 2025 PA Super 99, *4 (Pa. Super. filed May 7, 2025) (citation omitted).

> Substantively, counsel must file an ***Anders*** brief, in which counsel

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Instantly, Counsel has complied with all procedural and substantive requirements of ***Anders***/***Santiago***. Counsel represents in his petition to withdraw that he has conducted a "conscientious review of the entire case and the issues which [Appellant] has asked [Counsel] to raise on appeal[,]" and concluded the appeal is "wholly frivolous." Petition to Withdraw, 5/5/25, ¶ 3. Counsel has also properly attached to his petition a copy of the correspondence he sent to Appellant, which advised Appellant of his right to retain private counsel or proceed *pro se*. ***Id.***, Exhibit A; ***see***

*also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, Counsel provided Appellant with a copy of the *Anders* brief,

which (1) properly summarizes the procedural history; (2) details an issue

that could arguably support Appellant's appeal; and (3) explains Counsel's

assessment as to why this issue is wholly frivolous. *Id.* ¶ 5; *see also Anders*

Brief at 8-9, 12-15.

Because Counsel has complied with *Anders* and its progeny, we will

address the issue presented in the *Anders* brief, and conduct an independent

review of the record to determine if the appeal is, in fact, wholly frivolous.

*See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018)

(*en banc*) ("part and parcel of *Anders* is our Court's duty to review the record

to insure no issues of arguable merit have been missed or misstated.").

The *Anders* brief identifies a single issue: "Whether the [t]rial [c]ourt

erred by sentencing [Appellant] to an unduly harsh and excessive

sentence[?]" *Anders* Brief at 7.

However, prior to addressing Appellant's sentencing challenge,[6] we

must ascertain whether Appellant's issue is moot. Appellate courts "generally

_____

[6] We are mindful that "[t]he standard employed when reviewing the discretionary aspects of sentencing is very narrow;" we review for an abuse of discretion. *Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018) (citation omitted). "[A] sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Hill*, 66 A.3d 365, 370 (Pa. Super. 2013) (citation omitted).

will not decide moot questions." **In the Int. of S.W.**, 334 A.3d 334, 340 (Pa. 2025) (citation omitted). "The mootness doctrine requires that an actual case or controversy exist "at all stages of review[.]" **In re N.E.M.**, 311 A.3d 1088, 1094 (Pa. 2024).

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. …. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

**Orfield v. Weindel**, 52 A.3d 275, 278 (Pa. Super. 2012) (citation omitted).

Instantly, the Commonwealth correctly concedes that the trial court imposed an illegal sentence of 90 days' incarceration,[7] in contravention of our decision in **Jackson**, 271 A.3d 1286.[8] **See** Commonwealth's Brief at 5 ("Given that the trial court failed to impose both a minimum and maximum [sentence,

---

[7] An issue related to the legality of a sentence presents "a pure question of law." **Commonwealth v. Wright**, 276 A.3d 821, 827 (Pa. Super. 2022) (citation omitted). As such, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Ewida**, 333 A.3d 1269, 1274 (Pa. Super. 2025) (citation omitted).

[8] In **Jackson**, the appellant pled guilty to driving while operating privilege is suspended or revoked — second offense, 75 Pa.C.S.A. § 1543(b)(1)(ii). **Jackson**, 271 A.3d at 1287. The trial court sentenced appellant, pursuant to Section 1543(b)(1)(ii), "to 90 days of house arrest and imposed a fine of $1,000.00." **Jackson**, 271 A.3d at 1287. The appellant filed a direct appeal challenging the legality of his sentence. **Id.** This Court held that because Section 1543(b)(1)(ii) does not set forth a maximum period of incarceration, "it is unconstitutionally vague and inoperable[.]" **Id.** at 1288 (citing **Commonwealth v. Eid**, 249 A.3d 1030, 1044 (Pa. 2021) (holding that the language "not less than 90 days" does not provide for a maximum term of incarceration and is therefore "unconstitutionally vague and inoperable[.]")).

Appellant's] sentence was improper[.]" (capitalization modified)). However, according to the Commonwealth, the matter of the illegality of Appellant's sentence is moot, given that the sentence "has already been completed fully[.]" Commonwealth's Brief at 7; *see also In re N.E.M.*, *supra*. After careful review, we agree.

As stated above, the record reflects Appellant "reach[ed] his[] maximum date of sentence … on April 9, 2025." Release From Incarceration, 4/9/25. This Court has held that when a defendant completes a sentence, any "challenge to the legality of the sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court." *Commonwealth v. King*, 786 A.2d 993, 996 (Pa. Super. 2001) (citations omitted); *see also Commonwealth v. Schmohl*, 975 A.2d 1144, 1150-51 (Pa. Super. 2009) (same). *Cf. Commonwealth v. Adams*, 504 A.2d 1264, 1271 (Pa. Super. 1986) (*en banc*) (holding appellant's meritorious challenge to the legality of his sentence was not moot, despite it being "already expired," where the sentence "has direct criminal consequences" because appellant "may be entitled to credit for the time served on his illegal sentence."). Moreover, none of the exceptions to the mootness doctrine are applicable. *See In re N.E.M.*, 311 A.3d at 1094 (detailing the exceptions to the mootness doctrine).

Based on the foregoing, we conclude (1) *Jackson* is unavailing to Appellant; (2) Appellant's sentence "has expired and [] bears no collateral civil

or criminal consequences, [and is therefore] moot[,]" ***King***, 786 A.2d at 996; and (3) the record discloses no non-frivolous issues Appellant could raise, ***Dempster***, 187 A.3d at 272. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2025