J-S59010-15

2016 PA Super 33

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BROOKE STRASSER | |
| Appellant | No. 1687 WDA 2014 |

Appeal from the Order Entered September 12, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000807-2003
CP-25-CR-0002638-2001

BEFORE:  BOWES, DONOHUE, AND FITZGERALD,* JJ.

OPINION BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Brooke Strasser appeals from the judgment of sentence imposed by the trial court after it revoked her probation following its finding that she violated its terms.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We initially entered an order directing counsel to ensure that the transcripts from the probation and sentencing herein were made a part of the certified record on appeal.  Those transcripts have now been supplied.  We now deny counsel's petition to withdraw and remand with instructions.

At case number 2638-2001, the Commonwealth charged Appellant, in its criminal information, with four felony counts of obtaining a controlled

* Former Justice specially assigned to the Superior Court.

substance by misrepresentation, 35 P.S. § 780-113(a)(12). She pled guilty at that case number to each count on or about May 13, 2003.[1] On July 21, 2003, the court imposed a five year intermediate punishment sentence on the first count and a consecutive period of five years probation on the remaining counts. The probationary sentences on counts two through four were concurrent with one another. On August 12, 2004, the court revoked Appellant's intermediate punishment sentence. It resentenced Appellant that same day to one to two years incarceration on the second count of obtaining a controlled substance by misrepresentation as well as four years probation.[2] The court also imposed a consecutive period of five years probation on count one. In addition, the court sentenced Appellant to five years probation on the remaining charges concurrent to count one.

---

[1] The plea acknowledgment form indicates that she was advised that the maximum term of incarceration was five years. This appears to have been incorrect. 35 P.S. § 780-113(f)(1). However, Appellant can no longer challenge her guilty plea.

[2] Count two was for procuring oxycodone, a Schedule II narcotic. *Commonwealth v. James*, 46 A.3d 776, 779 n.6 (Pa.Super. 2012). Therefore, a question arises as to whether Appellant's sentence at that time was lawful based on her pleading guilty on the basis that the maximum sentence she could receive was five years. Under 35 P.S. § 780-113(f)(1), a person who is guilty of obtaining a controlled substance by misrepresentation is subject to a fifteen year maximum penalty if the substance is a Schedule I or II narcotic. In contrast, a person can only be given a maximum penalty of five years for other Schedule I, II, or III drugs which are not cocaine or over one thousand pounds of marijuana. *See* 35 P.S. § 780-113(f)(1.1)-(2). Since oxycodone is a Schedule II narcotic, Appellant's maximum sentence was fifteen years rather than five.

Subsequently, on May 5, 2006, the court again revoked Appellant's probation at each count. Appellant admitted to using crack cocaine on March 30, 2006, in violation of her probation. She also changed her residence without the permission of her parole officer. Finally, Appellant also acknowledged using Oxycontin on December 28, 2005. The court imposed on that same date, at count 1, a sentence of two and one-half to five years incarceration and re-imposed consecutive sentences of five years probation at counts two through four. Thus, Appellant was given an aggregate sentence of two and one-half to five years imprisonment to be followed by fifteen years probation at the 2001 case number.

Appellant appealed from that sentence as well as the sentence imposed that same date for case number 807-2003. A panel of this Court found her two issues, each related to sentencing, to be waived. *Commonwealth v. Yacobozzi-Strasser*, 1035 WDA 2006 (unpublished memorandum) (filed September 7, 2007). Appellant filed a counseled PCRA petition, alleging that counsel was ineffective in failing to preserve her sentencing issues. The court denied that petition after an evidentiary hearing and this Court affirmed. *Commonwealth v. Yacobozzi-Strasser*, 1102 WDA 2008 (unpublished memorandum) (filed July 21, 2009).

At case number 807-2003, the Commonwealth charged Appellant with five counts of theft by unlawful taking and five counts of access device fraud. The crimes occurred between July 17, 2003 and August 7, 2003.

- 3 -

Specifically, Appellant stole cash payments made by customers at the Holiday Inn Express where she was then employed and charged the customers' credit cards. The total amount of theft was approximately $980. The grading for counts one, two, four, and five was a misdemeanor of the second degree. The remaining charges were graded as first-degree misdemeanors. Appellant pleaded guilty to these offenses and was sentenced on July 21, 2003, for counts six through ten for a probationary period of five years. The court imposed the sentences consecutively for an aggregate probationary sentence of twenty-five years. These sentences were imposed in addition to Appellant's July 21, 2003 sentence at case number 2638-2001.

On August 12, 2004, as with the 2001 case, the court revoked Appellant's probation. The court re-imposed consecutive five-year probationary sentences. The court also revoked her probation and re-sentenced Appellant on May 5, 2006 in conjunction with her 2001 case. As noted, Appellant appealed from that sentence and unsuccessfully litigated a PCRA petition relative to her sentences.

Thereafter, in February 2014, Appellant was arrested on new felony charges in Crawford County, Pennsylvania, for attempting to acquire a controlled substance and criminal use of a communication facility. She was sentenced in that case on April 30, 2014. On September 12, 2014, the court in this matter conducted a revocation of probation proceeding. Appellant

admitted to using Xanax and Methadone without a valid prescription, as well as heroin, in violation of the terms of her probation. Further, she acknowledged the Crawford County matter.[3]

At case number 2638-2001, the court revoked Appellant's probation at counts two, three, and four. It also revoked Appellant's probation at counts six through ten at case number 807-2003. For the 2001 case, the court imposed a sentence of eleven and one-half to twenty-three months at count two and a consecutive period of five years probation for count three. The court added a concurrent five year probationary term for the fourth count. With respect to the 2003 case, the court entered a consecutive period of three years probation on count six. It also imposed concurrent three year probationary sentences for counts seven through ten. Hence, Appellant's aggregate judgment of sentence is eleven and one-half to twenty-three months incarceration to be followed by eight years probation.

Appellant timely filed a motion to reconsider on September 22, 2014. The court denied that motion the following day and Appellant timely appealed on October 10, 2014. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on

---

[3] Appellant also had pled guilty and been sentenced for two other Erie County cases involving theft.

appeal. Counsel filed a statement of intent to file an **Anders** brief and the court indicated that because of that fact no opinion was necessary.

Appellant's counsel has now filed a petition to withdraw and an accompanying **Anders** brief.[4] In her brief, counsel contends that there are no non-frivolous issues to be reviewed and sets forth an issue that arguably could support the appeal as "whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?" **Anders** brief at 3.

Since we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw, we turn to counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

_____

[4] Appellant is represented by a different member of the Erie County Public Defender's Office than the individual from that office who represented her at her revocation and sentencing hearings.

Counsel's petition to withdraw provides that she made a conscientious review of the record and concluded that there are no non-frivolous issues. Counsel informed Appellant that she was withdrawing and furnished her with copies of both the petition to withdraw and the *Anders* brief. Further, counsel instructed Appellant that she has the right to retain new counsel or can proceed *pro se* and raise any issues she believes this Court should consider. Accordingly, counsel has complied with the procedural aspects of *Anders*.

Since counsel adhered to the procedural dictates of *Anders*, we now examine whether counsel's *Anders* brief meets the substantive elements of *Santiago*. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel has included an extraordinarily brief description of the factual and procedural history of this matter, setting forth only that Appellant's probation was revoked on September 12, 2014, and the judgment of sentence imposed at the revocation hearing. She has provided a Pa.R.A.P.

2119(f) statement pertaining to the discretionary aspects of Appellant's sentence and avers that Appellant's appeal is wholly frivolous.

According to counsel, the sentencing court relied on the sentencing guidelines, which we note do not apply to revocation proceedings, **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa.Super. 2001). Counsel submitted that claims that a sentencing court failed to consider or inadequately considered certain sentencing factors does not raise a substantial question for this Court's review. Counsel's statement in this regard is imprecise. This Court has differentiated claims where a person asserts that the court completely failed to consider applicable sentencing statutes, holding that such issues present a substantial question for our review. In contrast, this Court has held that the distinct claim that the court did not adequately consider mitigating factors did not raise a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n.8 (Pa.Super. 2013) (discussing this Court's subtle distinction in determining whether a substantial question was raised in a host of cases). Counsel adds that the sentencing court considered 42 Pa.C.S. § 9721(b), which applies to sentencing. Counsel, nevertheless, does not address 42 Pa.C.S. § 9771, a statutory provision pertaining to revocation sentencing proceedings. **See Commonwealth v. Crump**, 995 A.2d 1280 (Pa.Super. 2010).

Since counsel has not cited pertinent case law, addressed specifically applicable statutory law, nor applied that case law and statutory authority to

the facts of this case, we decline to permit counsel to withdraw at this stage. We direct that counsel file either a merits brief or a compliant **Anders** brief that discusses case law regarding probation revocation sentences and 42 Pa.C.S. § 9771, and applies that law to the statements placed on the record by the sentencing court, in order to show that Appellant's appeal is wholly frivolous. Counsel shall file the appropriate brief within forty-five days of remand.

Counsel's petition to withdraw denied. Case remanded with instructions. Jurisdiction retained.

Judge Donohue did not participate in this decision.