J-A09025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.M.C.R., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.R.C., MOTHER | : : : : : : : : | |
| | : | No. 2336 EDA 2021 |

Appeal from the Decree Entered October 26, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-AP-0000413-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: L.C.-R., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.R., MOTHER | : : : : : : : | |
| | : | No. 2399 EDA 2021 |

Appeal from the Order Entered October 26, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-DP-0001852-2019

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 7, 2022**

M.R. ("Mother") appeals from the decree involuntarily terminating her parental rights to her daughter, L.M.C.R. a/k/a L.C.-R. ("Child") and the order changing Child's permanency goal to adoption.  Additionally, Mother's counsel ("Counsel") has filed briefs pursuant to **_Anders v. California_**, 386 U.S. 738

---

[*] Retired Senior Judge assigned to the Superior Court.

(1967), and has petitioned to withdraw from representation. We deny counsel's petitions to withdraw and direct her to file an advocate's brief or an amended *Anders* brief.

The relevant factual and procedural history is as follows. Mother was incarcerated when Child was born in December 2019. N.T., 10/26/21, at 8. The Department of Human Services of the City of Philadelphia ("DHS") removed Child from Mother and placed her in kinship care with her maternal grandmother in December 2019. *Id.* at 8-9. The juvenile court adjudicated Child dependent on January 6, 2020, and established Child's permanent placement goal as return to parent or guardian. The court conducted regular permanency review hearings at which it found Mother to be minimally compliant or non-compliant with the permanency plan and not progressing toward alleviating the circumstances necessitating placement. The court maintained Child's commitment and placement goals throughout these proceedings.

On July 23, 2021, DHS filed a petition for the termination of parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b), and a petition for goal change to adoption. The court held a hearing on October 26, 2021. Mother, whom Community Legal Services represented, did not attend the hearing. DHS presented the testimony of Community Umbrella Agency ("CUA") case manager Veronica Soto. A member of the Defender Association

of Philadelphia, Child Advocacy Unit, represented Child, who was nearly two years old.[1]

Following the hearing, the court entered a decree terminating Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b), and issued an order changing Child's permanent placement goal to adoption. On November 23, 2021, Mother filed timely, counseled, notices of appeal from the decree terminating her parental rights and the goal change order, in addition to concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[2] The court likewise complied with Rule 1925. Counsel

---

[1] Pursuant to ***In re Adoption of K.M.G.***, 240 A.3d 1218 (Pa. 2020), we must verify that the court appointed counsel to represent Child, and if counsel served in a dual role, that the court determined before appointment that there was no conflict between a child's best and legal interests. For children too young to express a preference, there is no conflict between the child's legal and best interests, and the child's right to counsel is satisfied by the appointment of an attorney-guardian *ad litem* ("GAL"). ***See In re T.S.***, 192 A.3d 1080, 1092-93 (Pa. 2018). Here, because Child was less than two years old at the time of the proceeding, the GAL did not have a conflict in representation.

We additionally observe that, while the trial court appointed counsel in 2019 to represent Child as GAL/counsel in the dependency matter, it did not appoint GAL/counsel in the termination matter. ***Cf. T.S.***, 192 A.3d at 1090 n.19 (stating, "It would be a better practice for the court to place an order on the record formalizing the GAL's role for termination purposes. Nevertheless, we are disinclined to elevate form over substance.") (internal citations omitted).

[2] Mother had previously filed a *pro se* notice of appeal from the decree terminating her parental rights.

subsequently filed petitions to withdraw, as well as ***Anders*** briefs.  This Court *sua sponte* consolidated Mother's appeals on January 27, 2022.

When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.  ***See Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010).  Pursuant to ***Anders***, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).  In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. *Anders* principles apply to appeals involving the termination of parental rights. *See In re V.E.*, 611 A.2d 1267, 1274-75 (Pa. Super. 1992). "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Counsel has satisfied *Anders*' first mandate by asserting in her petitions to withdraw that she has made a conscientious review of the record and determined the appeals would be frivolous. Counsel has also complied with *Anders*' third requirement by providing Mother with a copy of Counsel's *Anders* briefs and advising Mother of her right to proceed *pro se* or with new counsel.[3]

Counsel's brief, however, does not comply with *Anders*' second mandate, as set forth in *Santiago*. Counsel concludes that the appeal is wholly frivolous, and summarizes the facts, but does not discuss the statutory and case law relevant to the decree terminating Mother's parental rights, namely, 23 Pa.C.S.A. § 2511 (a)(1) and (b). Counsel's *Anders* brief relating to Mother's appeal from the goal change order is likewise devoid of statutory

---

[3] Although Counsel failed to attach to her petition copies of letters sent to Mother informing her of her rights, Counsel subsequently complied with this Court's February 7, 2022 order directing her to file copies of those letters with this Court's Prothonotary.

and case law pertinent to the goal change order. *See* 42 Pa.C.S.A. § 6351(f.1), (g). Therefore, we find Counsel's *Anders* briefs inadequate pursuant to *Santiago*.

Accordingly, we direct Counsel to file either an advocate's brief or an amended *Anders* brief that satisfies *Santiago's* requirements. The brief shall discuss the relevant law pertaining to section 2511(a)(1) and (b), as well as the goal change, and apply that law to the facts of this case. *See Commonwealth v. Strasser*, 134 A.3d 1062, 1066 (Pa. Super. 2016) (directing counsel to file a merits brief or a compliant *Anders* brief where counsel had not "cited pertinent case law, addressed specifically applicable statutory law, nor applied [either] to the facts of [the] case . . .."). As the matters are now consolidated, counsel may file a single brief within twenty-one days of this memorandum. DHS shall have twenty-one days thereafter to file a supplemental response brief.

Petitions to withdraw denied. Counsel for Mother is directed to file an advocate's brief or an *Anders* brief consistent with this memorandum.

Judge Pellegrini joins this memorandum. Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2022