J-S29009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
          v.                   :
                               :
                               :
WESTLEY MAAS                :
                               :
          Appellant         :    No. 601 MDA 2023

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at CP-35-CR-0002285-2021

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:           **FILED OCTOBER 11, 2023**

Westley Maas (Appellant) appeals from the judgment of sentence imposed after he pled guilty to aggravated arson.[1] Also, Appellant's public defender counsel, Donna DeVita, Esquire (Counsel), has filed a petition to withdraw and accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

The trial court recounted the following facts:

> On November 12, 2021, the Mayfield Police Department responded to a [] structure fire located at 615 May Street[, Mayfield, Pennsylvania]. Officers arrived on scene and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3301(a.1)(1)(ii).

[discovered] the attic of the house was fully engulfed. Officer Joseph Sherpinskas of the Mayfield Police greeted Mary Maas [(Maas),] the resident of 615 May Street. [] Maas indicated that her grandson, [Appellant], … was still inside the engulfed residence. Officer Sherpinskas went into the home in search of [Appellant]. Officer Sherpinskas searched the home and was unable to locate [Appellant]. [] Maas pleaded with officers that her grandson was still located inside the residence. Officer Sherpinskas again went inside the home in search of [Appellant] and attempted to reach the second floor[;] he called [Appellant's] name several times yet was still unable to locate [Appellant]. Officer Sherpinskas exited the residence[,] as the smoke was too heavy.

After exiting the home for the second time, Officer Sherpinskas was notified by a neighbor, Tanya Sleboda[,] that [Appellant had] notified her that his grandmother's residence was on fire. [Appellant] was nowhere to be found during the fire. Later that evening, the Lackawanna County Communications Center notified Officer Sherpinskas that a male was at the Convenient Market in Jermyn, Pa, stating that he set his home on fire. Officer Sherpinskas left the scene of the fire, [and] called for assistance from both the Archbald Police Department and the Jermyn Police Department to apprehend [Appellant] at the Convenient Market. The police quickly detained [Appellant] and questioned him regarding the various statements he made to the convenien[ce] store employees. At the scene, [Appellant] waived his **Miranda**[2] rights and made a written statement about the fire, in which he indicated that he lit a stack of papers on fire and threw a can of [accelerant] on it. He then heard an explosion and left the home[,] notifying only the neighbors that there was a fire, while his grandmother remained in the home. [Appellant's] statement was verified by the store clerks and the fire marshal [subsequently] ruled the fire arson.

Trial Court Opinion, 5/10/23, at 1-2 (footnote added).

The Commonwealth charged Appellant with aggravated arson and numerous other offenses. On September 1, 2022, Appellant pled guilty to

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

aggravated arson and the Commonwealth *nolle prossed* the remaining charges. Before sentencing, the trial court ordered a pre-sentence investigation (PSI) report.

Sentencing occurred on March 8, 2023. It is undisputed that Appellant addressed the trial court and expressed remorse for his actions. N.T., 3/8/23, at 10-11. Maas, Appellant's grandmother, spoke at sentencing on Appellant's behalf. *Id.* at 6-7. Thereafter, the trial court imposed a standard-guidelines-range sentence of 4 – 8 years in prison and ordered Appellant to pay restitution.

On March 13, 2023, Appellant timely filed a post-sentence motion for reconsideration of sentence (PSM). Appellant claimed the trial court abused its discretion in imposing an excessive sentence that failed to account for various mitigating factors, including Appellant's mental health issues and difficult childhood. PSM, 3/13/23, ¶ 4; *see also id.* ¶ 7 (claiming Appellant "had no aggravating factors"). Appellant asked the trial court to vacate his sentence and impose a mitigated-range sentence. *Id.* ¶ 13. After a hearing, the trial court denied the PSM on April 6, 2023. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On June 6, 2023, Counsel filed an *Anders* brief and a petition to withdraw as counsel. Appellant did not file a *pro se* brief or otherwise respond to Counsel's petition to withdraw.

We address Counsel's petition to withdraw before reaching the merits of the issues in the **Anders** brief. **See Commonwealth v. Strasser**, 134 A.3d 1062, 1065 (Pa. Super. 2016) ("we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw"). Counsel seeking to withdraw from representation must (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **Id.** (citing **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*)).

Here, Counsel states she has reviewed the record and concludes Appellant's appeal is frivolous and his claims are "without merit." Petition to Withdraw, 6/26/23, ¶ 9. Additionally, Counsel states that she notified Appellant of her request to withdraw, furnished Appellant with copies of the petition and **Anders** brief, and advised Appellant of his rights *in lieu* of representation. **Id.** ¶ 8 (citing Ex. A (Counsel's letter to Appellant dated 6/26/23)).[3] Accordingly, Counsel has satisfied the procedural requirements of **Anders**.

---

[3] Counsel has attached to the petition to withdraw a copy of the letter she sent to Appellant informing him of his rights as set forth in **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa. Super. 2005).

We next determine whether Counsel's **Anders** brief meets the requirements of **Santiago**, **supra**. In an **Anders** brief accompanying a petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Here, Counsel has detailed the case history with citation to the record. **Anders** Brief at 5-6. Additionally, Counsel discusses two issues that could arguably support Appellant's appeal and explains Counsel's reasons for concluding both issues are wholly frivolous. **Id.** at 9-16. Thus, Counsel has complied with the requirements of **Santiago** and **Anders**.

We next review the merits of the issues raised in the **Anders** brief. We also conduct an independent review of the record to determine whether Appellant's appeal is in fact wholly frivolous. **See Santiago**, 978 A.2d at 358; **see also Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

The **Anders** brief identifies two issues:

> A. Whether the trial court imposed a harsh and excessive sentence of 4 to 8 years[,] which sentence fell in the highest end on the guideline standard sentence range[,] by failing to

> take into consideration the Appellant's remorse and his mental health issues and his efforts to alert the people residing in the house that it was on fire[?]
>
> B. Whether the trial court failed to state on the record the reasons for the sentence imposed as required by Pa.R.Crim.P. 708(D)(2)[?]

***Anders*** Brief at 4 (capitalization and citation modified). We address the issues together.

Appellant challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. ***Commonwealth v. Summers***, 245 A.3d 686, 691 (Pa. Super. 2021). Rather, this Court applies a four-part test to determine:

> (1) whether the appellant filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, ***see*** Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Bartic***, 2023 PA Super 164 (Pa. Super. Sept. 12, 2023) (brackets omitted; some citations omitted).

Counsel states, in candor, that because Appellant did not raise the instant challenge to his sentence "either at sentencing or in a motion for reconsideration of sentence, it may be considered waived." ***Anders*** Brief at 12 and 16 (citing Pa.R.A.P. 302(a) (claims cannot be raised for the first time on appeal)); ***see also*** Commonwealth Brief at 6 ("Appellant simply did not

preserve for review the issues he now raises."). We agree with Counsel's assessment.

"[I]ssues challenging the discretionary aspects of a sentence **must** be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Gibbs***, 981 A.2d 274, 282-83 (Pa. Super. 2009) (emphasis added; citation omitted); ***see also Bartic***, ***supra***. Because Appellant never raised the instant challenge to his sentence at sentencing or in the PSM, he waived the issues. ***Gibbs***; ***see also Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (Pa. Super. 2019) ("a new and different theory of relief may not be successfully advanced for the first time on appeal.").

Nonetheless, because Counsel has filed an ***Anders*** brief and petition to withdraw, we address Appellant's sentencing claim. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that while appellant failed to properly preserve his discretionary aspects of sentencing claim, this Court would address the merits of the claim due to appellant's counsel's petition to withdraw). Appellant's brief includes a Rule 2119(f) statement as required, ***Anders*** Brief at 9-10, and his claims present a substantial question. ***See Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009) ("The failure to set forth adequate reasons for the sentence imposed has been held to raise a substantial question." (citation omitted)).

We are mindful that sentencing "is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

> The Pennsylvania Supreme Court has explained:
>
> The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citations and quotation marks omitted).

The Sentencing Code provides that a sentencing court "shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Additionally, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "A sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." *Commonwealth v. Celestin*, 825 A.2d 670, 676 (Pa. Super. 2003) (citation omitted).

Further, a sentencing court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citation omitted)). The court must also consider the sentencing guidelines. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008).

Here, it is undisputed that Appellant's sentence is within the standard range of the sentencing guidelines. *See* Appellant's Brief at 9; Commonwealth

Brief at 8. Thus, we may only vacate the sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1254 (Pa. Super. 2014).

Counsel explains Appellant's belief that the trial court imposed an excessive sentence, where it failed to "state the reasons for the sentence imposed"; *Anders* Brief at 13, and "failed to consider [Appellant's] need for a course of action to address his mental health issues." *Id.* Appellant believes "the sentencing court failed to consider his background, the underlying nature of the offense, [and] that Appellant accepted responsibility for his actions…." *Id.* at 14.

Notably, the trial court indicated it had reviewed Appellant's PSI. Where a sentencing court has the benefit of a PSI, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022) (citation omitted). "[W]here the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). "**The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI] report**; thus properly considering and weighing all relevant factors." *Commonwealth v.*

*Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006) (emphasis added; citation omitted).

Here, the court explained that it

reviewed [the PSI] report prepared by the Lackawanna County Adult Probation Department, a diagnostic report prepared by the State Correctional Institution at Smithfield[, and] the victim impact statements. Additionally, the Commonwealth submitted testimony that there were seventeen (17) total emergency agencies involved that responded to the scene of the fire. N.T., 3/8/2023, at 2-3. The court also heard testimony from [Appellant's grandmother,] who spoke on behalf of [Appellant]. *Id.* at 6. [Appellant] himself addressed the court and took responsibility for his actions. *Id.* at 10-11. Finally, the court imposed the sentence of four to eight years, which is in the middle of the standard guideline range. In fashioning this sentence, the court reasoned that **the programs offered in the state prison system can better serve the mental health and rehabilitative needs of** [**Appellant**], based on the [PSI] report and the testimony heard at the time of the plea and sentencing. *Id.* at 12. Therefore, the court did not abuse its discretion when sentencing [Appellant] in the middle of the standard guideline range and considering all sentencing factors, as well as the reasoning placed on the record by the court.

Trial Court Opinion, 5/10/23, at 5-6 (emphasis added; citations modified).

Our review discloses that the trial court's reasoning is supported by the record. *See id.* The record also supports Counsel's assertion that Appellant's

PSI indicated that he had incurred [probation] violations on [a] prior offense, and that the current offense was committed while he was still serving a sentence for a prior offense. … [T]hese facts may support a belief that [Appellant] cannot abide by the laws and that a significant incarceration sentence was necessary.

*Anders* Brief at 15-16.

Contrary to Appellant's claims, his **standard**-guideline-range sentence is neither excessive nor unreasonable. *See Commonwealth v. Hill*, 210

A.3d 1104, 1117 (Pa. Super. 2019) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (citing **Moury**, 992 A.2d at 171) (holding combination of PSI and standard-range sentence, absent more, cannot be considered excessive or unreasonable)); **see also Commonwealth v. Walls**, 926 A.2d 957, 964 (Pa. 2007) (stating "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently").

Both of Appellant's issues are frivolous, and the record reveals no issues of arguable merit that Appellant could raise. Therefore, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2023