**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERNELL ROBERT SMITH | : | |
| | : | |
| Appellant | : | No. 967 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003507-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERNELL ROBERT SMITH | : | |
| | : | |
| Appellant | : | No. 968 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003508-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERNELL ROBERT SMITH | : | |
| | : | |
| Appellant | : | No. 969 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003678-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PERNELL ROBERT SMITH :
:
Appellant : No. 970 MDA 2023

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002868-2022

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.: **FILED: JULY 17, 2024**

Pernell Robert Smith appeals from the judgment of sentence of three to six years of incarceration imposed after he accepted a global guilty plea to resolve seventeen criminal charges across the four dockets listed in the caption. Before this Court, William Bispels, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny the petition to withdraw and order new briefing.

The facts underlying Appellant's convictions are immaterial to our analysis herein. We need only note that the parties negotiated a plea whereby the Commonwealth withdrew thirteen charges in exchange for Appellant's plea. The trial court confirmed with Appellant that he filled out a guilty plea colloquy form in each case with his attorney, followed by a plea colloquy. Appellant agreed with the Commonwealth's factual summary to support the

four charges and confirmed that he wished to proceed to sentencing without the benefit of a pre-sentence investigation report. Before formally imposing sentence, the trial court asked Appellant if he wished to add anything. The following exchange occurred:

> [APPELLANT]: I don't really know what to say, Your Honor. I'm tired. I told my lawyer the other day on video, I'm just[,] I'm tired.
>
> I came in here, you know, weeks ago and me and you almost had an argument and I'm just --- I'm grieving a close friend that was killed in a car accident so I really don't have anything to say because I'm still grieving. I just want to get this over with because I'm tired. It's stressing me out to deal with so I just wanted to plead to it and get it out of the way and not waste your time that you might need to put with a jury trial with somebody that might have committed a violent crime or something.
>
> THE COURT: [Appellant], you're not wasting my time. I mean, I have a lot of cases and a lot of defendants that I have to deal with, but I appreciate the fact that you're taking responsibility for what you did.

N.T., 5/4/23, at 10.

The trial court then imposed the agreed-upon aggregate sentence of three to six years of incarceration. On June 1, 2023, Appellant filed an untimely post-sentence motion with an accompanying request to reinstate the rights *nunc pro tunc*. Within, Appellant's plea counsel asserted that Appellant "contacted [me] on May 30, 2023" with a request "to assert his post-sentence rights and request a reconsideration of sentencing." Motion, 6/1/23, at unnumbered 1. The trial court granted the request. Notwithstanding the representation that Appellant solely intended to seek reconsideration of his sentence, the filing sought to withdraw Appellant's guilty plea and proceed to

trial. Appellant asserted that he suffered manifest injustice because his plea was "not tendered knowingly, intelligently, voluntarily, and understandingly." Post-Sentence Motion, 6/1/23, at unnumbered 1 (citation omitted). Separately, despite accepting a negotiated sentence, Appellant asked the court to reconsider his sentence.

The trial court ordered a hearing on June 21, 2023, which apparently took place on that date as scheduled. However, the transcript is not in the certified record and the docket reflects that the only transcript ordered was that of the guilty plea. According to the trial court opinion in this matter, Appellant "only raised the fact that he was not happy with his sentences as a reason to withdraw his guilty plea." Trial Court Opinion, 10/3/23, at 2.

Appellant filed a timely notice of appeal and complied with the trial court's order to file a concise statement, with the court authoring an opinion as previously stated. Present counsel subsequently entered his appearance in this Court and filed both an **Anders** brief and accompanying petition to withdraw.

The framework for counsel petitioning to withdraw consists of procedural and substantive dictates, and "we do not consider the merits of an issue raised in an **Anders** brief without first reviewing a request to withdraw." **Commonwealth v. Strasser**, 134 A.3d 1062, 1065 (Pa.Super. 2016). Counsel must meet three procedural requirements, stated as follows:

> 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief

to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se,* additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1065. Regarding the substantive components of the brief, our Supreme Court has mandated the following:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once we conclude that counsel fulfilled all of these requirements, we proceed to examine the record to determine whether the case is wholly frivolous. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*).

Counsel has substantially complied with the technical components. The petition to withdraw states that counsel has reviewed the record and concluded that the appeal "is meritless,"[1] provided a copy of the brief to Appellant, and advised him of his right to file a *pro se* brief, which he has done. Motion to Withdraw as Counsel, 11/22/23, at unnumbered 1. We

---

[1] We note that a "claim that lacks merit is not necessarily wholly frivolous." **Commonwealth v. Markowitz**, 32 A.3d 706, 717 (Pa.Super. 2011). In context, counsel concluded, for purposes of our procedural assessment, that the claim is frivolous. **See Anders** Brief at 17 (requesting permission to withdraw as counsel "can find no non-frivolous argument").

therefore proceed to determine whether the brief complies with the substantive mandates set forth in **Santiago**.

The **Anders** brief cannot meet the **Santiago** requirements as the record is incomplete. "To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359. In **Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa.Super. 2006), we stated: "Given that . . . counsel has filed an **Anders** brief, it would be prudent, if not mandatory, for counsel to have ordered all the notes of testimony. As noted, counsel cannot fulfill the mandates of **Anders** unless he has reviewed the entire record." Similarly, in **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa.Super. 2015), we denied a petition to withdraw where the defendant entered a guilty plea with no agreement to sentence. The **Anders** brief discussed whether the trial court abused its discretion in fashioning its sentence. The certified record included the sentencing transcript; however, when conducting the independent review of the record, we "determined that the notes of testimony from Flowers' guilty plea proceeding are not part of the record." **Id**. at 1250. We held that "counsel could not have assessed whether any non-frivolous issues exist in connection with Flowers' guilty plea proceeding," and as a result "cannot conclude that [c]ounsel has fulfilled his obligations pursuant to **Anders**." **Id**. at 1251.

Accordingly, the failure to ensure that the record is complete implicates both the adequacy of the substantive components of the **Anders** brief itself,

- 6 -

as well as this Court's ability to independently assess the record. **See also Yorgey**, 188 A.3d at 1197 ("[W]e must give **Anders** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel."). Counsel here could not determine that any appeal would be frivolous without reviewing the hearing on Appellant's motion to withdraw. Indeed, in **Flowers**, we denied the petition to withdraw notwithstanding the fact that there was no suggestion in the materials that the guilty plea itself was defective. In contrast, the hearing on Appellant's motion to withdraw is directly connected to Appellant's core complaint before the trial court. Accordingly, whether we view the issue as a substantive failure concerning the scope of counsel's review, or an impediment to our independent review, in either case the petition must be denied.[2]

Consequently, we must deny Attorney Bispels's petition to withdraw and instruct counsel to order, within ten days of this memorandum, the transcript. Counsel shall have forty-five days from the date the transcript is completed to secure its inclusion in a supplemental certified record, and file an advocate's

---

[2] In the event that counsel prepares a new **Anders** brief, we note that in **Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa.Super. 2006), we stated that "[a] brief that essentially argues for affirmance is unacceptable." The **Anders** brief here effectively supports the trial court's denial of the claim, as opposed to concluding that any challenge to the court's decision would be frivolous. **See Commonwealth v. Boozer**, 2019 WL 5655295, at *4 (Pa.Super. 2019) (non-precedential decision) ("Although an appellant's counsel is not required to advocate strongly in favor of issues he believes are frivolous, a brief that essentially argues for affirmance is unacceptable.") (cleaned up). The **Boozer** decision was filed after May 1, 2019, and thus is properly cited for its persuasive value. **See** Pa.R.A.P. 126(b).

brief, or a new **Anders** brief and another petition seeking to withdraw, following review of the complete record. The Commonwealth shall have thirty days thereafter to file a response.

Application of William Bispels, Esquire, to withdraw as counsel is denied. New briefs are ordered. Panel jurisdiction is retained.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/17/2024