J-A06028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELMER DUANE SHAULIS | : | |
| | : | |
| Appellant | : | No. 272 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002877-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELMER DUANE SHAULIS | : | |
| | : | |
| Appellant | : | No. 273 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0002878-2021

BEFORE:  OLSON, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:          **FILED: April 9, 2026**

Elmer Duane Shaulis (Appellant) appeals from the judgment of sentence imposed following his guilty pleas to flight to avoid apprehension, possession of a controlled substance, possession with the intent to deliver a controlled substance (PWID), and delivery of a controlled substance.[1]  Appellant's court-

---

[1] 18 Pa.C.S.A. § 5126(a); 35 P.S. § 780-113(a)(16), (30).

appointed counsel, James P. Spriestersbach, Esquire (Counsel), has filed in this Court a brief in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 249 (Pa. 2009), to which Counsel attached a petition to withdraw.[2] After careful review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant factual history as follows:

On or about December 11, 2019, Pennsylvania State Police Tro[o]per Karen Orsini ("Trooper Orsini") and a confidential informant ("CI") met [Appellant] at a supermarket in Latrobe[, Pennsylvania,] to purchase crack cocaine. [Appellant] entered Trooper Orsini's undercover vehicle and delivered to the CI and [Trooper Orsini] 2.41 grams of crack cocaine. … On October 14, 2021, the Commonwealth filed a criminal information[, at CP-65-CR-0002878-2021 (Case 2878)], charging [Appellant] with delivery of a controlled substance, [PWID], and possession of a controlled substance.

In a separate incident on August 7, 2021, two Pennsylvania State [Police] troopers [(the troopers)] approached a residence in Latrobe, where [Appellant] was working, in pursuit of [Appellant] for a felony arrest warrant for [Appellant's charges in Case 2878]. As the troopers approached, [Appellant] fled into the residence and failed to come outside as directed by the troopers. The troopers [entered] and found [Appellant] in the basement of the residence, hiding behind a piece of furniture. … On October 14, 2021, the Commonwealth filed a criminal information[, at CP-65-CR-0002877-2021 (Case 2877)], charg[ing Appellant] with flight to avoid apprehension….

… [Appellant] entered [open] guilty plea[s, to the above-described charges,] for both cases on November 12, 2024[. The

_____

[2] Counsel did not comply with our directive, by orders dated October 23 and November 18, 2025, to file his withdrawal petition separately from his **Anders** brief. **See** Order, 10/23/25 (ordering Counsel to comply within seven days); Order, 11/18/25 (same). While we admonish Counsel's non-compliance with our directive, we will address his petition.

trial] court ordered a presentence [investigation (PSI) report] on the same date.

Trial Court Opinion, 4/10/25, at 1-2 (citations omitted; punctuation and capitalization modified).

The matter proceeded to sentencing on January 31, 2025. The Commonwealth offered no recommendation, deferring to the trial court's sentencing discretion. N.T., 1/31/25, at 5. Appellant requested the trial court "impose a period of probation with an appropriate length of house arrest." *Id.* at 6.

Prior to imposing sentence, the trial court questioned Appellant about his housing, family, and mental health status; commented on Appellant's prior record score as a repeat felony offender (RFEL); noted a crime-free period in Appellant's criminal record between 1989 and 2011; and confirmed, with a parole agent in attendance, that Appellant was eligible for house arrest should the trial court be inclined to impose such a sentence. *Id.* at 10-11.

The Commonwealth noted that Appellant was not being held on a state detainer. *Id.* at 11. The Commonwealth represented, however, that "two [parole] agents are here from the [Pennsylvania Parole Board] and[, after] sentenc[ing], they are going to take [Appellant] into custody to serve his back time, which is approximately 18 months." *Id.* at 12.[3] Appellant did not

---

[3] Details concerning Appellant's sanction by the Pennsylvania Parole Board, relative to an unrelated sentence, are not contained within the certified record.

dispute the Commonwealth's representation. **See id.** at 14 (Counsel stating, "[W]ith … the [Pennsylvania Parole Board's] intention that [Appellant] be taken into custody today, I was going to ask[,] if the [trial c]ourt were to incarcerate [Appellant,] to give him some reasonable time to make arrangements for his property ….").

The trial court concluded that, "[i]f [Appellant is] going to serve 18[ months in prison], he might as well just serve some state time on [the instant cases.]" **Id.** at 12. The trial court thereafter sentenced Appellant to an aggregate 21 to 42 months in prison.[4] <u>For each conviction, the trial court sentenced Appellant at the lower end of the mitigated sentencing guideline ranges.</u>[5]

Appellant did not timely file post-sentence motions. On February 19, 2025, in both cases, Appellant filed *nunc pro tunc* post-sentence motions

---

[4] At Case 2878, the trial court determined that Appellant's convictions for PWID and possession of a controlled substance merged with his conviction of delivery of a controlled substance for purposes of sentencing. N.T., 1/31/25, at 15.

[5] The applicable minimum sentencing guideline ranges, under the seventh edition of the sentencing guidelines, were as follows:

- Delivery of a controlled substance – 27 to 40 months in prison, plus/minus 6 months;
- Flight to avoid apprehension – 24 to 36 months in prison, plus/minus 3 months.

**See** 204 Pa. Code § 303.16(a) (Basic Sentencing Matrix).

challenging the discretionary aspects of his sentence. The trial court did not rule on Appellant's *nunc pro tunc* motions. Appellant timely filed a single notice of appeal listing both docket numbers.[6] Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 10, 2025, the trial court filed an opinion pursuant to Rule 1925(a).

On September 24, 2025, Counsel filed an **Anders** brief, to which he attached a petition to withdraw from representation.[7, 8] Appellant did not retain separate counsel, file a *pro se* brief, or otherwise respond to Counsel's petition to withdraw.

_____

[6] On March 11, 2025, this Court entered an order directing Appellant to file amended notices of appeal, one at each docket number. Order, 3/11/25 (citing **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket) and **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (permitting appellate courts to allow for correction when a timely appeal is erroneously filed at only one docket)). Appellant complied, and this Court consolidated the appeals for review.

[7] This Court may consider a withdrawal request attached to an **Anders** brief. **See Commonwealth v. Fischetti**, 669 A.2d 399, 400 (Pa. Super. 1995). We note, however, that "the more desirable practice would be to submit a separate withdrawal request to the [C]ourt …." **Id.**

[8] As noted above, Appellant filed a Rule 1925(b) concise statement, rather than a statement of intent to withdraw. **See** Pa.R.A.P. 1925(b), (c)(4). Appellant did not attach to his **Anders** brief a copy of the concise statement, in violation of Pa.R.A.P. 2111(d). This procedural defect does not impede our review.

We initially address Counsel's petition to withdraw prior to reaching the substantive issues raised in the *Anders* brief. *See Commonwealth v. Strasser*, 134 A.3d 1062, 1065 (Pa. Super. 2016) ("[W]e do not consider the merits of an issue raised in an *Anders* brief without first reviewing a request to withdraw"). Counsel seeking to withdraw pursuant to *Anders* must satisfy certain procedural and substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the *Anders* brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056 (Pa. Super. 2025) (citation omitted).

> Substantively, counsel must file an *Anders* brief, in which counsel
>
> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *see also Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022) ("Substantial compliance with the *Anders* requirements is sufficient."). Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as

- 6 -

to whether the appeal is wholly frivolous. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Counsel has substantially complied with *Anders*' procedural and substantive requirements. In his brief, Counsel states that he made a "thorough review of the record," and concluded Appellant's appeal is frivolous. *See Anders* Brief at 11. Counsel provided Appellant with a copy of the *Anders* brief, which summarizes the facts and procedural history, includes an issue that could arguably support Appellant's appeal,[9] and explains Counsel's assessment of why Appellant's issue is frivolous. *Id.* at 8-16. Counsel attached to his *Anders* brief a copy of the letter he sent to Appellant, in which Counsel advised Appellant of his right to retain private counsel, or proceed *pro se*, to raise any additional issues on appeal. *See id.*, Attachment (Correspondence). Accordingly, we review Appellant's issue presented in Counsel's *Anders* brief.

Counsel's *Anders* brief identifies the following issue: Whether the trial court abused its discretion in imposing sentence, and was "impermissibly swayed" by the fact that the Commonwealth represented parole agents intended to take Appellant into custody to serve his parole back time following the imposition of sentence in Appellant's instant cases? *Id.* at 13.

_____

[9] Although, in his statement of questions involved, Counsel frames the issues in general terms of whether there are issues of arguable merit and whether the appeal is frivolous, the brief's argument section contains the discrete issue that Counsel has identified. *See Anders* Brief at 7, 12.

Appellant challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa. Super. 2021) (*en banc*); *see also Commonwealth v. Davis*, 341 A.3d 808, 812 (Pa. Super. 2025) (observing a "claim that the sentencing court relied on an impermissible factor in determining [the appellant's] sentence challenges the sentencing court's exercise of discretion[.]"). An appellant challenging the discretionary aspects of his sentence must first invoke this Court's jurisdiction:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted).

Here, Appellant timely filed a notice of appeal. However, as Counsel candidly concedes, Appellant did not preserve his challenge to the discretionary aspects of his sentence at the time of sentencing or in a timely post-sentence motion. *Anders* Brief at 13; *see also* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); *Commonwealth v. Wrecks*, 931 A.2d 717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve

issues for appeal." (citation omitted)). Consequently, Appellant waived his discretionary sentencing claim. **_Glawinski_**, 310 A.3d at 325.

Even if Appellant had not waived his challenge to the discretionary aspects of his sentence, it would merit no relief.[10] As stated by Counsel, Appellant argues that, "while seemingly contemplating" a lesser sentence, the trial court was "impermissibly swayed" by the Commonwealth's representation that Appellant was required to serve 18 months' back time relative to an unrelated parole violation sanction. **_Anders_** Brief at 11.

"The standard employed when reviewing the discretionary aspects of sentencing is very narrow." **_Commonwealth v. King_**, 182 A.3d 449, 454 (Pa. Super. 2018) (citation omitted). "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **_Commonwealth v. Reid_**, 323 A.3d 26, 30 (Pa. Super. 2024) (citation omitted). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." **_Commonwealth v. Walls_**, 926 A.2d 957,

---

[10] Counsel failed to include in his **_Anders_** brief a Pa.R.A.P. 2119(f) statement of reasons relied upon for allowance of appeal. Nevertheless, "[w]here counsel files an **_Anders_** brief, this Court has reviewed [discretionary sentencing claims] even absent a separate [Rule] 2119(f) statement." **_Commonwealth v. Zeigler_**, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted).

961 (Pa. 2007) (citation and quotation marks omitted); ***see also Commonwealth v. Hill***, 66 A.3d 365, 370 (Pa. Super. 2013) (stating a sentencing court "has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." (citation omitted)).

Where the trial court has imposed a sentence within the sentencing guidelines, our standard of review is whether application of the guidelines was "clearly unreasonable" under the circumstances of the case. 42 Pa.C.S.A. § 9781(c)(2); ***see also Commonwealth v. Coulverson***, 34 A.3d 135, 146 (Pa. Super. 2011) (noting "the concept of unreasonableness [is] inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." (citation omitted)).

Sentencing Code Section 9721(b) directs trial courts to adhere to the general principle that the sentence imposed should call for total confinement consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The weighing of factors under [Section] 9721(b) is exclusively for the sentencing court, and an appellate court may not substitute its own weight of those factors." ***Commonwealth v. Taylor***, 277 A.3d 577, 593 (Pa. Super. 2022) (quoting ***Commonwealth v. Bricker***, 41 A.3d 872, 876 (Pa. Super. 2012)).

Instantly, the trial court opined that

> the record in this case makes clear that the court arrived at [its] sentencing decision based on the necessary statutory factors. The court observed [Appellant] during the sentencing hearing and considered factors[,] including the circumstances of [Appellant's] offenses, a [PSI] report, and [Appellant's prior record score of] RFEL …. The sentencing transcript, [] shows that the court did not change its sentence from house arrest to incarceration or otherwise change its course in sentencing. N.T., 1/31/25, at 11-13.

Trial Court Opinion, 4/10/25, at 7 (citations modified; paragraph break omitted).

We discern no abuse of the trial court's broad discretion in imposing Appellant's sentence. **See Hill**, 66 A.3d at 370. As noted above, prior to imposing a **mitigated-range sentence**, the trial court queried Appellant regarding certain of his life circumstances, evidencing the trial court's individualized approach to sentencing Appellant. Further, the trial court had the benefit of a PSI report. Where a trial court "had and considered a [PSI] report, we are required to presume that the court properly weighed the mitigating factors present in the case." **Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa. Super. 2006) (citation omitted); **see also Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004) (observing the trial court satisfies "the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." (citation omitted)).

Moreover, Appellant did not at the time of sentencing, or now on appeal, contest that he was required to serve back time as a result of a parole violation, and the record does not establish otherwise. *See Walls*, 926 A.2d at 967 n.6 (rejecting the appellant's claims that the sentencing court mischaracterized the appellant's version of events where "neither [the appellant] nor his counsel sought to correct the sentencing court's understanding of [the appellant's] statements.").

Consequently, even if Appellant had preserved his discretionary sentencing claim, it would merit no relief. Further, our independent review discloses no non-frivolous issues Appellant could raise. Accordingly, we grant Counsel's petition to withdraw as counsel and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

**4/9/2026**

- 12 -